IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JEREMIAH YBARRA,<br>Prison ID # 55024-280, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-0167-BL |
| | ) | |
| BILLY KIETH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner housed in FCI Big Spring of the Bureau of Prisons ("BOP"), filed a document titled "Motion to Intervene" in Case No. 1:18-CV-114-C. Because Plaintiff therein complained of conditions of his confinement at Big Spring, the Court found that Plaintiff was raising new civil rights claims unrelated to claims asserted in Case No. 1:18-CV-114-C; ordered that the motion be construed as a new civil rights complaint; and directed the Clerk of Court to open a new civil case. *See* Order (doc. 1). Shortly after the opening of this case, Plaintiff filed an amended complaint with an application to proceed *in forma pauperis*. *See* Docs. 5-6. The Court granted him permission to proceed *in forma pauperis*. *See* PLRA Filing Fee Order (doc. 8).

On November 9, 2018, the District Judge referred the case for disposition pursuant to 28 U.S.C. § 636(b)(1). *See* Order (doc. 9). Plaintiff thereafter moved for discovery and sought leave to add claims, which the undersigned denied by order dated February 26, 2019, but granted Plaintiff thirty days to file a motion for leave to amend in accordance with the local rules of this court. *See* Order (doc. 12). Plaintiff filed a Second Amended Complaint (doc. 13), with supporting memorandum (doc. 14), which the undersigned accepted as the operative pleading on April 9, 2019. *See*

Order (doc. 15). This amended complaint "supersedes the original complaint and renders it of no legal effect." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (stating that general rule).

Because Plaintiff has not consented to have all further proceedings in this case conducted by a magistrate judge, the undersigned issues this report and recommendation and directs that this case be reassigned to Senior District Judge Sam R. Cummings.

## I. BACKGROUND[1]

Plaintiff names the following defendants in this action: (1) Warden Billy Kieth; (2) Lieutenant Jackson; (3) Officer Coger-Crews; (4) Officer E. Barton; and Disciplinary Hearing Officer Cole. *See* Second Am. Compl. at 3. For each of these defendants, Plaintiff briefly describes their acts or omissions that allegedly harmed him. *See id.* He also provides a Statement of Claim with two attached pages to support his claims. *Id.* at 4 and attached pages 1A and 1B. His claims stem from a June 25, 2018 search of his prison locker, a resulting incident report, and subsequent discipline imposed in September 2018. *See id.* As relief, Plaintiff seeks an investigation of the facility for staff misconduct. *Id.* at 4. He also seeks the return of lost good conduct time and his prior camp status in addition to a transfer to a prison facility in Michigan. *Id.*

With the filing of his Second Amended Complaint, Plaintiff included a memorandum and other documents in support. *See* Doc. 14. In the memorandum, Plaintiff elaborates on his claims and questions the constitutionality of the acts of defendants. *See id.*

---

[1]The background information is taken from the factual allegations within the second amended complaint and supporting memorandum.

## II. NATURE OF ACTION

Plaintiff and the Court have treated this case as a civil rights action throughout this litigation. However, in his Second Amended Complaint, Plaintiff – for the first time in this action – seeks restoration of good-time credits lost through a prison disciplinary hearing. Such relief is properly sought through 28 U.S.C. § 2241, not a civil rights action. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000) (per curiam);[2] *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc). But, while Plaintiff has added potential habeas relief in this action, he has not invoked § 2241 or any habeas statute, and has not named as the appropriate respondent, "the warden of the federal prison at which he was confined," *see Griffin v. Ebbert*, 751 F.3d 288, 289 (5th Cir. 2014). He merely names the Warden as one of five defendants in this civil action.

At the current stage of this litigation, the Court should not consider this action as anything other than a prisoner civil action asserting violations of constitutional rights. Although a § 2241 action based on the loss of his good-time credits is properly brought here, the Court should not construe this action as a habeas action under § 2241 due to varied procedural and substantive differences between habeas and typical civil actions. When a case combines civil rights and habeas, the better

---

[2]In an unpublished, per curiam opinion, the Fifth Circuit "assume[d] arguendo that federal prisoners have a liberty interest in their good-time credits" and cited *Henson*, but also directed readers to *Pepper v. United States*, 562 U.S. 476, 502 n.14 (2011) (stating that "[a]n award of good time credit by the [BOP] does not affect the length of a court-imposed sentence," and that "[s]uch credits may be revoked at any time before the date of a prisoner's release"). *See Deen-Mitchell v. Young*, 490 F. App'x 650, 650-51 (5th Cir. 2012). Two cases have cited to this *Deen-Mitchell* assumption when addressing habeas relief under § 2241. *See Roundtree v. FCI Seagoville Warden Harmon*, No. 3:16-CV-485-B-BN, 2017 WL 2791110, at *1-2 (N.D. Tex. May 17, 2017) (recommendation of Mag. J.) *accepted by* 2017 WL 2790532 (N.D. Tex. June 26, 2017); *Heavner v. Harmon*, No. 3:17-CV-217-M-BN, 2017 WL 1907440, at *1-2 (N.D. Tex. Apr. 17, 2017) (recommendation of Mag. J.) *accepted by* 2017 WL 1906797 (N.D. Tex. May 8, 2017). While the statement noted in footnote 14 in *Pepper* may provide reason to pause momentarily with respect to whether a loss of federal good-time credits may affect the duration of an inmate's term of incarceration, several reasons exist to not give the statement such a broad reading, including the context of the statements in *Pepper* and the fact that "the length of a court-imposed sentence" remains the same unless modified by the sentencing court. However, that fact does not mean that the duration of actual time served cannot be affected through an award of good time credit by the BOP.

course is to address the issues in the context presented without prejudice to the plaintiff/petitioner pursuing relief in the other context through a separate case. *See Cheney v. United States*, No. 3:04-CV-2207-L, 2005 WL 130127, at *1 (N.D. Tex. Jan. 20, 2005) (considering habeas case in that context while permitting the petitioner to also pursue civil rights claims in a separate case).

To the extent Plaintiff wants to pursue habeas relief, he may do so by filing a petition under 28 U.S.C. § 2241 naming the Warden as the proper respondent. He will not be prejudiced by the Court declining to construe any part of this case as a habeas action because he can still file such a petition and the Fifth Circuit has not applied a statute of limitations to such a petition. *See Miller v. Stephens*, No. 2:14-CV-0103, 2017 WL 3142402, at *1 (N.D. Tex. June 15, 2017) (recommendation of Mag. J.) *adopted by* 2017 WL 3130330 (N.D. Tex. July 21, 2017); *Na'im v. Tex. Bd. of Pardons & Paroles*, No. 3:12-CV-2827-D, 2013 WL 2367788, at *1 (N.D. Tex. May 30, 2013) (adopting recommendation of Mag. J.).

### III. PRELIMINARY SCREENING

The Court has permitted Plaintiff to proceed *in forma pauperis* in this action. His complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(b). This statute provides for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV. REQUESTED RELIEF

In his second amended complaint, Plaintiff seeks four specific types relief: (1) an investigation of the facility for staff misconduct, (2) restoration of lost good conduct time, (3) reinstatement of his camp status, and (4) a transfer to a different prison.

Although Plaintiff requests an investigation into alleged misconduct, investigations sought by prisoners are "simply not available through a civil action." *King v. Forest*, No. 3:08-CV-1405-L, 2008 WL 4951049, at *2 (N.D. Tex. Nov. 14, 2008) (accepting recommendation of Mag. J.) (citing *McCall v. Peters*, No. 3:00-CV-2247-D, 2001 WL 1082417, at *2 (N.D. Tex. Aug. 28, 2001) (accepting recommendation of Mag. J. that a criminal investigation is not available)). A federal court "is not an investigative body, and cannot order a non-party to conduct an investigation." *Green v. Revel*, No. 2:09-CV-0147, 2010 WL 597827, at *2 (N.D. Tex. Feb. 19, 2010). Such requested relief "is without an arguable basis in law and is frivolous." *Id.*

Similarly, the Court should find that the requested restoration of good time credits cannot be granted in a prisoner civil rights action. Through a non-habeas civil action, prisoners cannot "challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc). Obtaining "the return of his good-time credits" is "cognizable only in a habeas corpus action." *Muhammad v. Weston*, 126 F. App'x 646, 648 (5th Cir. 2005) (per curiam). As already discussed, Plaintiff should pursue any habeas relief that he seeks through a petition filed under 28 U.S.C. § 2241.

While Plaintiff seeks reinstatement of his camp status that was changed as of the result of the disciplinary proceedings, the Fifth Circuit has long held that prisoners have no inherent constitutional

right to a particular classification or custody level. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (per curiam). By seeking reinstatement of his prior status, Plaintiff seeks relief that is not cognizable in a civil rights action.

Through the requested relief of a transfer, Plaintiff likewise seeks relief that is unavailable in a civil rights action. "It is well settled that an inmate does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another." *Capri v. Williams*, No. 4:12-CV-930-Y, 2013 WL 1655987, at *1 (N.D. Tex. Apr. 17, 2013) (citing *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983)). Furthermore, 18 U.S.C. § 3621(b) provides the Bureau of Prisons with the "sole discretion" to determine where a federal inmate will be housed. *See United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995); *accord United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993).

For all of these reasons, Plaintiff has not stated a cognizable claim for relief available through this civil rights action.

## V. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court treat this case as a non-habeas civil action and not construe any part of this action as arising under 28 U.S.C. § 2241. Plaintiff may pursue habeas claims under § 2241 by filing a petition for writ of habeas corpus and naming the warden of his holding facility as respondent. It is further **RECOMMENDED** that the Court **FIND** all requested relief to be unavailable through this civil rights case and thus **DISMISS** this action with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(b). The dismissal of this action will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. §

1915(g).[3]  In light of the recommended dismissal, the undersigned directs the Clerk of Court to reassign this case to Senior District Judge Sam R. Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 11th day of April, 2019.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

---

[3]Section 1915(g), commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.